UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
FRANKLIN ANTONIO MORENO-BRAVO,

                Petitioner,

-against-

JOHN ASHCROFT, et al.,

                Respondents.
--------------------------------------------------------------- X

03 CV 265 (ARR)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Mr. Moreno-Bravo, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, entitled "Amended/Supplemental Petition for Writ of Habeas Corpus Directing Release from Custody Pending Determination of Removability or Repatriation" (hereinafter, "Amended/Supplemental Petition"), on October 14, 2005. In this petition, Mr. Moreno-Bravo challenges the validity of his confinement during the pendency of his challenge to the removal order issued against him by an immigration judge in May 2002. Specifically, Mr. Moreno-Bravo argues that he has been "unreasonabl[y] and/or unconstitutional[ly]" detained in the custody of the Bureau of Immigration and Customs Enforcement (BICE) for approximately five years "without any meaningful review of his danger to [ ] society or risk of flight, or any individualized hearing from a neutral arbiter." Docket #22, Amended/ Supplemental Petition, 2-3. The government argues that (a) this court lacks jurisdiction, (b) venue is not proper in this court, and (c) petitioner is lawfully detained because, contrary to petitioner's assertion, the government has made individualized determinations that petitioner is a flight risk. See Docket #23, Government's Resp. at 2-3, 5. Because this court lacks jurisdiction, Mr. Moreno-Bravo's petition challenging his detention must be transferred to the Western District of Louisiana, the district in which Mr. Moreno-Bravo is currently being held.

## BACKGROUND

Mr. Moreno-Bravo was admitted into the United States as a lawful permanent resident on October 27, 1988. See Docket #7, Chapman Decl. at ¶ 8. In April 1994, he was convicted of unlawful possession of a weapon in the Superior Court for Union County, New Jersey. Id. at ¶ 4. In December 1996, he was convicted of robbery in the second degree in the same court, and sentenced to four and a half years of incarceration. Id. In February 2001, as a result of these convictions, Mr. Moreno-Bravo was served with a Notice to Appear charging him as deportable under 8 U.S.C. § 1127(a)(2)(B)(iii) as an alien convicted of an aggravated felony theft offense and an aggravated felony crime of violence. Id. at ¶ 5.

Mr. Moreno-Bravo was taken into BICE custody on approximately March 20, 2001, following the completion of his criminal sentence in New Jersey. Id. at ¶ 8. He was transferred from New Jersey to Oakdale, Louisiana, where removal proceedings took place. Id. at ¶ 6. In May 2002, an Immigration Judge ("IJ") in Oakdale, Louisiana concluded that Mr. Moreno-Bravo was removable and ineligible for relief from removal; the IJ's decision was affirmed by the Board of Immigration Appeals ("BIA") in October 2002. Id. at ¶ 6-8. Mr. Moreno-Bravo has been detained in BICE custody in federal facilities in Louisiana and Alabama since that time. See Docket #24, Pet.'s Traverse, at 6.

In February 2003, Mr. Moreno-Bravo filed a petition for writ of habeas corpus pursuant to 29 U.S.C. § 2241 with this court, challenging the final administrative order of removal issued against him. See Docket #5. This court denied Mr. Moreno-Bravo's habeas petition challenging his order of removal in November 2003. See Docket #13. Mr. Moreno-Bravo appealed this court's denial of his petition challenging his order of removal to the U.S. Court of Appeals for the Second Circuit in December 2003. See Docket #16. This appeal is currently pending before

the Second Circuit. See Moreno-Bravo v. Ashcroft, 2d Cir. No. 03-2968-pr. Specifically, the Second Circuit has appointed counsel and ordered supplemental briefing on the issue of whether "in light of the REAL ID Act 106(c), this appeal should be converted to a petition for review and, if so whether it should be transferred to the United States Court of Appeals for the 5th Circuit." Id., Order of Sept. 13, 2005. Also in December 2003, this court stayed Mr. Moreno-Bravo's removal pending the disposition of his appeal. See Docket #17.

## DISCUSSION

In his first habeas petition, which is currently pending before the U.S. Court of Appeals for the Second Circuit, Mr. Moreno-Bravo challenged his order of removal. Mr. Moreno-Bravo's current petition, in contrast, challenges only his continuing confinement pending resolution of his contested removal order. The instant petition is therefore a "core habeas petition" because petitioner is directly challenging his "present physical confinement." Rumsfeld v. Padilla, 542 U.S. 426, 435 (U.S. 2004).

District courts may only grant habeas relief "within their respective jurisdictions." 28 U.S.C. 2241(a). In Padilla, the Supreme Court explained that, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement. . ." and "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 443, 435. Therefore, the government asserts that this petition should be transferred to the Western District of Louisiana.

Mr. Moreno-Bravo argues that the Supreme Court in Padilla "intentionally 'left open the question of who is the proper custodian of [an] alien[] habeas petitioner and where thi[s] petition

should be filed.'" Docket #5, Amended/ Supplemental Petition, at 5. However, the portion of Padilla referred to by Mr. Moreno-Bravo states only that the Court declined to resolve "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." Padilla, 542 U.S. at 436 n.8. The question "left open" in Padilla is who should be named as respondent in the case of a non-core habeas petition by an alien – that is, a habeas petition challenging deportation or a final order of removal, rather than a core petition challenging "present physical confinement" pending deportation or removal. See, e.g., Drakoulis v. Ashcroft, 356 F. Supp. 2d 367, 370-371 (S.D.N.Y. 2005) (noting that "[i]n two recent cases, district judges in this Circuit have distinguished between habeas petitions filed by aliens to challenge their detention pending removal proceedings. . . and those challenging the underlying removal decisions. Both have applied Padilla to the former, and their reasoning is persuasive.").

District courts in the Second Circuit have consistently held that habeas petitions filed by aliens challenging their physical detention – rather than the legality of the order of removal or deportation itself – are core habeas petitions within the meaning of Padilla. See, e.g. Jin Dong Deng v. Garcia, 352 F. Supp. 2d 373, 376 (E.D.N.Y. 2005) (finding that, "because Deng's immigration habeas petition challenges only his immediate physical detention, rather than the underlying decision of the immigration authorities to deport him to China, Deng has presented a 'core habeas petition' which must be addressed to his immediate custodian."); Foncette v. Bureau of Immigration & Customs Enforcement, No. 05 CV 3218, 2005 U.S. Dist. LEXIS 39611, at *4-5 (E.D.N.Y. 2005); Shehnaz v. Ashcroft, No. 04 Civ. 2578, 2004 U.S. Dist. LEXIS 21224, at *11 (S.D.N.Y. Oct. 25, 2004). This interpretation is confirmed by the Padilla Court, which reiterated that:

> Identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.' In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.

Padilla, 542 U.S. at 439.

Mr. Moreno-Bravo's first petition, which is currently pending before the Second Circuit, is a non-core habeas petition. However, his petition currently before this court is a core petition, as it challenges only his present physical confinement. Therefore, the court concludes that the instant petition must be brought in the district in which Mr. Moreno-Bravo is confined.

Mr. Moreno-Bravo has never been detained in the Eastern District of New York. As described above, after completing his criminal sentence in New Jersey, he was taken into BICE custody. See Docket #7, Chapman Decl. at ¶ 8. During his removal procedings, he was held in the Federal Detention Center in Oakdale, Louisiana. Id. at ¶ 6. Since that time, he has been detained at various facilities in Alabama and Louisiana. When Mr. Moreno filed the instant petition, he was detained at the Etowah County Detention Center in Gadsden, Alabama, which is located in the Northern District of Alabama. See Docket #5, Amended/Supplemental Petition, at 20. Mr. Moreno-Bravo is currently being held at the Federal Detention Center in Oakdale, Louisiana, which is located in the Western District of Louisiana. See Docket #26, Change of Address.

Mr. Moreno-Bravo should have filed the instant petition – a "core" habeas petition challenging his ongoing detention – in the Northern District of Alabama, where he was detained at that time. If he had filed the petition in the Northern District of Alabama, that district would have retained jurisdiction over the petition, even if Mr. Moreno-Bravo had been transferred to a federal detention center outside of the district. See Padilla, 542 U.S. at 441 ("when the

Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"). However, since Mr. Moreno-Bravo is currently being held in the Western District of Louisiana, the court feels that it is most appropriate to transfer this petition to that district.

Accordingly, Mr. Moreno-Bravo's "Amended/Supplemental Petition" must be transferred to the U.S. District Court for the Western District of Louisiana. Additionally, Mr. Moreno-Bravo is instructed to amend his petition to name the Warden of the Federal Detention Center in Oakdale, Louisiana as the respondent. The Clerk of the Court shall transfer this matter to the Western District of Louisiana and close this case.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 17, 2006
Brooklyn, New York

## Service List:

**Petitioner:**
Franklin Antonio Moreno-Bravo, *pro se*
# A41-491-908 / # 16976-265
Franklin Detention Center
P.O. Box 5010
Oakdale, LA 71463


**Petitioner's Attorney in Appeal of Habeas Petition Challenging Removal before the 2nd Circuit:**
Marjorie M. Smith, Esq.
P.O. Box 234
Piermont, NY 10968


**Respondent's Attorneys:**
Elliot M. Schachner, Esq.
U.S. Attorney's Office,
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201

Kristen Ann Chapman, Esq.
U.S. Attorney's Office
One Pierrepont Plaza
Brooklyn, NY 11201